**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANGELA HETZER,                                    Case No. 1:16-cv-555

           Plaintiff,                             Barrett, J.
                                                    Bowman, M.J.

    v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

### REPORT AND RECOMMENDATION

Plaintiff Angela Hetzer filed this Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents three claims of error, all of which the Defendant disputes. For the reasons explained below, I conclude that the ALJ's finding of non-disability should be AFFIRMED, because it is supported by substantial evidence in the administrative record.

### I.    Summary of Administrative Record

In December 2011, Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income alleging a disability onset date of March 31, 2011, due to mental and physical impairments. (Tr. 242). After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge. ("ALJ"). On November 17, 2014, ALJ Peter Boylan held an evidentiary hearing at which Plaintiff appeared with counsel. The ALJ heard testimony from Plaintiff and an impartial vocational expert. (Tr. 36-78). On December 10, 2014,

the ALJ denied Plaintiff's applications in a written decision. (Tr. 11-23). Plaintiff now seeks judicial review of the denial of her application for benefits.

Plaintiff was born June 21, 1974 and was 40 years old at the time of the Administrative hearing. (Tr. 41) She testified that she has an Eighth grade education and past relevant work as a dietary aide. (Tr. 42, 352). She alleges disability due to her mental impairments; namely, anxiety and bipolar disorder and testified that she cannot hold a job because she cannot deal with the high stress when dealing with the public. (Tr. 43).

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "obesity, arthropathy, an affective disorder, anxiety, a personality disorder, and alcohol dependence reported in remission." (Tr. 14). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to perform medium work with the following limitations:

> She is limited to occasional use of foot controls with the left lower extremity. She can climb ramps and stairs occasionally, but cannot climb ladders, ropes, or scaffolds. She can balance, stoop, kneel, crouch, and crawl occasionally. She is limited to frequent handling and fingering with the left upper extremity. She must avoid concentrated exposure to extreme cold. She must avoid all exposure to workplace hazards such as unprotected heights and moving machinery. She is limited to simple, routine, and repetitive tasks. She is not able to perform at a production rate pace, such as is generally associated with jobs like assembly line work, but can perform goal-oriented work, such as is generally associated with jobs like office cleaner. She is limited to simple work-related decisions. She is limited to occasional and superficial interactions with coworkers and supervisors. She can have no interaction with the public as

part of job duties. She is limited to tolerating occasional changes in a
routine work setting.

(Tr. 15-16). Based upon the record as a whole including testimony from the vocational
expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ
concluded that Plaintiff is able to perform her past relevant work as a dietary aide (Tr.
21). The ALJ also determined that Plaintiff could perform other work in the national
economy including cleaner/janitor, hand packer and small parts assembler.
Accordingly, the ALJ determined that Plaintiff is not under disability, as defined in the
Social Security Regulations, and is not entitled to DIB and/or SSI. *Id.*

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's
decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff
argues that the ALJ erred by: (1) improperly weighing the findings of Plaintiff's treating
nurse practitioner; (2) improperly weighing the findings of the state agency
psychologists; and (3) improperly relying on the testimony of the vocational expert.
Upon close analysis, I conclude that the ALJ's decision should be affirmed.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the
definition of the Social Security Act. *See* 42 U.S.C. §§ 423(a), (d), 1382c(a). The
definition of the term "disability" is essentially the same for both DIB and SSI. *See
Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory
meaning, a "disability" includes only physical or mental impairments that are both
"medically determinable" and severe enough to prevent the applicant from (1)

performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work;

and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

## B. The ALJ's decision is supported by Substantial Evidence

### 1. Evaluation of the Opinion Evidence

Plaintiff's first two assignments of error assert that the ALJ's mental RFC finding is not supported by substantial evidence because he improperly weighed the opinion evidence. Specifically, Plaintiff contends that the ALJ should have afforced great weight to the findings of Dianne Dehaven, Plaintiff's treating nurse practitioner. Plaintiff also contends that the ALJ's RFC assessment failed to include all of the limitation found by the state agency psychologists. Plaintiff's contentions will be addressed in turn.

Plaintiff received mental health treatment at Talbert House and Affiliates from 2009 to 2013. (Tr. 633). Plaintiff was diagnosed with moderate bipolar disorder, alcohol dependence, and borderline personality disorder. *Id.*

In August 2012, state-agency consulting psychologist David Chiappone, Ph.D., examined Plaintiff. (Tr. 505-11). Plaintiff reported that she saw a psychiatrist every three months, but had never been psychiatrically hospitalized. (Tr. 506). She reported that she last drank two years ago. *Id.* Plaintiff indicated that she could follow instructions, but couldn't handle stress at work. *Id.* Plaintiff reported that she was able to cook, wash dishes, do the laundry, manage funds, and grocery shop. (Tr. 509). She also spent time with friends, watched TV, and talked to family members on the phone. *Id.* Dr. Chiappone observed that Plaintiff was cooperative and had good eye contact, adequate effort, and an appropriate affect. *Id.* Plaintiff did not appear anxious or depressed; although she reported that she became anxious in cars and had crying spells frequently. (Tr. 507-08).

Dr. Chiappone noted that Plaintiff had low-average intellectual functioning and fair insight and judgment. (Tr. 508-09). Dr. Chiappone assessed a GAF score of 51 and diagnosed Plaintiff with alcohol abuse in remission and anxiety not otherwise specified. (Tr. 509). Dr. Chiappone opined that Plaintiff would have "some difficulty" remembering information over time and "difficulty" maintaining concentration and attention over time, relating to supervisors and co-workers, and dealing with stress on the job. (Tr. 510-11).

State-agency reviewing psychologist Melanie Bergsten, Ph.D., reviewed Plaintiff's medical records in September 2012. (Tr. 107). Dr. Bergsten opined that Plaintiff had moderate limitations in daily living, social functioning, and concentration, persistence, or pace, and no episodes of decompensation. *Id.* Dr. Bergsten further opined that Plaintiff could perform work involving 1-3 step tasks, superficial social interactions with the general public, and positions in a static environment that do not

require production standards. (Tr. 110-11). In December 2012, state-agency reviewing psychologist Caroline Lewin, Ph.D., affirmed Dr. Bergsten's assessment. (Tr. 137, 140-42).

In September 2013, Dianne Dehaven, an Advanced Practice Nurse at Talbert House and Affiliates, assessed Plaintiff's work-related abilities. Ms. Dehaven opined that Plaintiff was moderately limited in her ability to understand and remember detailed instructions; maintain attention and concentration for extended periods; work in coordination with or proximity to others without being distracted by them; complete a normal workday and workweek without interruptions from psychologically-based symptoms; accept instructions and respond appropriately to criticism from supervisors; and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. (Tr. 778-79). Ms. Dehaven also opined that Plaintiff was markedly limited in her ability to respond appropriately to changes in the work setting and travel in unfamiliar places or use public transportation. (Tr. 779).

In formulating Plaintiff's mental RFC, the ALJ assigned some weight to the findings of Nurse Dehaven and to Drs. Bergsten and Lewin. Plaintiff argues that the ALJ's RFC assessment was erroneous because Ms. Dehaven opined that Plaintiff had moderate limitations on her ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and her ability to perform at a consistent pace without an unreasonable number of rest periods. However, Plaintiff contends that the ALJ did not incorporate these exact limitations into the RFC. Plaintiff further argues that the ALJ's RFC is flawed because he failed to properly evaluate and

incorporate the limitations found by the State agency psychologists who reviewed Plaintiff's medical file. Plaintiff's contentions lack merit.

With respect to Ms. Dehaven, although the ALJ afforded "some weight" to Ms. Dehaven's opinion that Plaintiff had mostly "mild" and "moderate" functional limitations, he also considered Plaintiff's statements regarding her limitations, the objective medical evidence, and the medical opinions of the state-agency reviewing psychologists in assessing Plaintiff's RFC; as required by the regulations. *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3) (ALJ assesses a claimant's RFC based on "all of the relevant medical evidence and other evidence").

As argued by the Commissioner, the ALJ noted that Plaintiff had been diagnosed with alcohol abuse in remission, anxiety, and a personality disorder; she participated in therapy; and she took medications for her conditions. (Tr. 17-18). The ALJ also highlighted treatment notes indicating that Plaintiff showed improvement when she was compliant with her medications, but experienced an increase in symptoms when she was non-compliant. (Tr. 17).

The ALJ also expressly considered Plaintiff's testimony relating to each functional area. Regarding daily activities, the ALJ considered Plaintiff's statements that she cooked, did laundry, cleaned, grocery shopped, and handled her own finances. (Tr. 14-15). In the area of social functioning, the ALJ considered Plaintiff's reports that she had difficulty getting along with others, but noted that she had lived with friends while homeless and had at least two boyfriends after her alleged onset date. (Tr. 15). Regarding concentration, the ALJ noted that Plaintiff reported she could focus on TV

programs and she did crossword puzzles to alleviate her anxiety, "which is not an activity normally associated with difficulties involving concentration." (Tr. 15, 19).

Contrary to Plaintiff's contention, the ALJ was not required to incorporate any of Ms. Dehaven's opined limitations into the RFC. It is the ALJ's sole duty to determine Plaintiff's RFC and there is no requirement that the ALJ adopt the opinion of any medical source.[1] *See Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) ("[T]o require the ALJ to base her RFC finding on a physician's opinion, would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled.") (internal quotation marks and citation omitted).  Thus, the undersigned finds that the ALJ properly evaluated the findings of Nurse Dehaven as required under agency regulations and controlling law.

Plaintiff next argues that the ALJ failed to reference and weigh the opinions of the state agency physiological consultants, Drs. Bergsten and Lewin. Plaintiff further argues that the ALJ's RFC is flawed because Dr. Bergsten and Dr. Lewin opined that Plaintiff would be limited to "positions in a static environment," (Tr. 111, 125-26, 142, 157), while the ALJ's RFC limited Plaintiff to "occasional changes in a routine setting,"  (Doc. 12). Plaintiff's assertions lack merit.

---

[1] Ms. Dehaven's opinion was not a medical opinion and therefore was not entitled to any particular deference. See 20 CFR §§ 404.1527(a)(2), 416.927(a)(2) (only "acceptable medical sources" can provide medical opinions); SSR 06-03p, 2006 WL 2263437, at *45594 (only "acceptable medical sources" can be considered treating sources "whose medical opinions may be entitled to controlling weight").  In any event, as detailed above, the ALJ did not discount her opinion solely on that basis and properly evaluated her findings in accordance with agency regulations.

Here, although the ALJ did not identify Dr. Bergsten or Dr. Lewin by name, he did identify each of them (and their findings) by exhibit number. Notably, the ALJ's decision indicates that "some consideration is given to the assessments of the state agency" both of whom opined that Plaintiff had moderate limitations. (*See* Tr. 19; citing Ex. B5A (Tr. 101-14), Ex. B6A (Tr. 115-28), Ex. B9A (Tr. 131-45), Ex. B10A (Tr. 146-60)). To the extent Plaintiff contends that each source must be identified by name, she has cited no authority in support of this argument to the Court, and the Court has found case law to the contrary, *see Monateri v. Comm'r of Soc. Sec.,* 2011 WL 3510226, at *10 (6th Cir.2011) ("Assuming that Dr. Bertschinger was indeed a treating physician, we find that the ALJ's failure to specifically mention Dr. Bertschinger by name does not constitute a lack of substantial evidence.")

Additionally, Plaintiff argues that the ALJ's RFC is not substantially supported because Dr. Bergsten and Dr. Lewin opined that Plaintiff would be limited to "positions in a static environment," (Tr. 111, 125-26, 142, 157), while the ALJ's RFC limited Plaintiff to "occasional changes in a routine setting." (Doc. 12 at 13). However, as noted by the Commissioner, the fact that the RFC differed slightly from these opinions does not show error because it was the ALJ's role—not the psychologists'—to assess Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c) (the final responsibility for crafting an RFC is reserved to the Commissioner); see also *Roy v. Apfel*, 23 F. App'x 389, 390 (6th Cir. 2001) ("[T]he ALJ did not impermissibly substitute his own opinion for that of the doctors because the ALJ was speaking about residual functional capacity, an area where the ALJ makes the legal decision."); *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) ("[T]here is no requirement that an RFC finding be supported by a

specific medical opinion.").  More importantly, Plaintiff has offered no objective evidence to support greater limitations than those found by the ALJ.  Accordingly, Plaintiff's objections should be overruled in this regard.

### 2. VE Testimony

Last, Plaintiff argues that the ALJ's step five finding is not supported by substantial evidence because the testimony of the vocational expert was erroneous. Specifically, Plaintiff argues that the VE failed to provide reliable job numbers to support her testimony because "the VE testified that she based her testimony regarding the job numbers she provided on the SkillTRAN Job Browser Pro software" but she "does not even know how it works." (Doc. 12 at 16-17).  Plaintiff's contention is unavailing.

Here, at step four of the sequential analysis, the ALJ concluded that Plaintiff could return to her past work as a dietary aid and, therefore, was not disabled. (Tr. 21, 62-63). *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At step four, the burden is on Plaintiff to demonstrate that she could not perform her past relevant work, *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). Notably, Plaintiff does not despite this finding.  When the ALJ determines that Plaintiff can perform past relevant work at step four of the sequential evaluation, the disability determination ends and consideration of whether Plaintiff can perform other work at step five of the evaluation is unnecessary. 20 C.F.R. § 404.1560(b).

Thus, despite finding that Plaintiff could perform her past relevant work, the ALJ nonetheless made an alternative step-five finding that Plaintiff was not disabled because there were a significant number of other jobs plaintiff could perform, including the representative jobs of cleaner/janitor, hand packer, and small parts assembler. (Tr.

21-22, 62-63). Notably, the VE testified that the hypothetical individual could perform the hand packer job at either the medium exertional level or the sedentary exertional level, explaining that 167,700 jobs existed in the national economy for the medium job and 22,507 jobs existed for the sedentary job. (Tr. 62- 64). Plaintiff appears to take issue with the number of sedentary jobs identified by the VE the Plaintiff could perform. However, as noted by the Commissioner, the VE's testimony regarding the number of sedentary hand packer jobs in the national economy has no bearing on the ALJ's finding based on Plaintiff's medium exertional RFC and/or on the number of the other sedentary jobs identified. Accordingly, the record establishes that a significant number of medium exertional level jobs exist in significant numbers.[2] More importantly, the ALJ was not required to make any findings at step-five.

### III. Conclusion and Recommendation

For the reasons explained herein, **IT IS RECOMMENDED THAT** Defendant's decision be found to be **SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **AFFIRMED**, and that this case be **CLOSED.**

 *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[2] Plaintiff does not challenge the ALJ's physical RFC finding.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

ANGELA HETZER,                                        Case No. 1:16-cv-555

      Plaintiff,                                    Barrett, J.
                                                     Bowman, M.J.

   v.

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).