**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Angela Hetzer,

    Plaintiff,

    v.                                                       Case No. 1:16cv555

Commissioner of Social Security                  Judge Michael R. Barrett

    Defendant.

## ORDER

This matter is before the Court upon the Magistrate Judge's August 8, 2017, Report and Recommendation ("R&R") recommending that the decision of the Commissioner be affirmed and this matter be closed on the docket of the Court. (Doc. 18).

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections to the Magistrate Judge's R&R. (Doc. 19).

The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here.

Plaintiff maintains that the Magistrate Judge's R&R was in error for the following reasons: (1) the ALJ is required to explain why the opinion of a nurse practitioner was not incorporated into Plaintiff's residual functional capacity ("RFC"); (2) the ALJ failed to weigh the opinions of the state agency medical consultants, and failed to explain why the limitations of these doctors were not included in the RFC; and (3) the vocational expert's ("VE") testimony was flawed because the VE relied solely on the SkillTRAN's Job Browser Pro software to provide job numbers in the economy.

I.  **ANALYSIS**

A.  **Nurse Practitioner's Opinion**

Plaintiff explains that while the ALJ gave some weight to Nurse Dehaven's opinion, the ALJ failed to include Nurse Dehaven's opinion that Plaintiff has "mild" and "moderate" limitations in the RFC. (See Doc. 9, Tr. 20; Tr. 778-79). Plaintiff argues that the ALJ was required to explain why that portion of Nurse Dehaven's opinion was not incorporated into the RFC. (Doc. 19 at 1).

Under the Social Security regulations, Nurse Dehaven is an "other source," meaning that her opinion cannot establish the existence of a medically determinable impairment. Plaintiff cites to *Hill v. Comm'r of Soc. Sec.*, 560 Fed. App'x 547, 550 (6th Cir. 2014) to support her argument that the ALJ should explain the weight given to "other source" opinions.

While the ALJ is required to provide an explanation which "allows a claimant or subsequent reviewer to follow the adjudicator's reasoning," all that is required is that the ALJ "generally . . . explain the weight given to opinions from" other sources. SSR 06-03P, 2006 WL 2329939, at *6; 20 C.F.R. §§ 404.1527(f)(2) & 416.927(f)(2) (stating

2

"[t]he adjudicator generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case").

Here, the ALJ stated:

> Dianne Dehaven, APN, submitted an assessment dated September 2013 (Exhibit B13F). It shows mostly "moderate" or "mild" limitations. Some weight is given to this assessment. The claimant was given "marked" limitations regarding her ability to respond appropriately to changes in the work setting and to travel in unfamiliar places or to use public transportation. However, the claimant is limited to a routine work setting with the residual functional capacity finding of this decision. As for travel, the claimant is able to ride in a car, although she is anxious while doing so. She apparently has no difficulty riding on a motorcycle (Exhibit BlOF, page 46). Also, as an APN, Ms. Dehaven is not an acceptable medical source (20 CFR 404.1513).

(Doc. 9, Tr. 20). The Court finds that the ALJ's explanation regarding the weight given to Nurse Dehaven's opinion satisfies the requirement that the ALJ "generally . . . explain the weight given to opinions from" other sources. Moreover, as the Magistrate Judge explained, the ALJ is not bound by a particular medical opinion, and instead, an ALJ properly bases the RFC determination "on all the evidence of record." *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 727–28 (6th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(e)(2)(i), 404.1545(a)(3), 416.927(e)(2)(i), 416.945(a)(3)); *see also* SSR 96-5P, 1996 WL 374183 ("Although an adjudicator may decide to adopt all of the opinions expressed in a medical source statement, a medical source statement must not be equated with the administrative finding known as the RFC assessment.").

Therefore, the Magistrate Judge did not err in concluding that the ALJ properly evaluated Nurse Dehaven's opinion.

### B. State Agency Medical Consultants' Opinions

Plaintiff explains that the ALJ failed to explain why the RFC did not include the opinions of the state agency medical consultants that Plaintiff would be limited to "positions in a static environment." (See Tr. 125, Tr. 141).

As the Magistrate Judge explained, there is no requirement that an RFC finding be supported by specific medical evidence, and it is the responsibility of the ALJ - not the state agency medical consultant - to assess Plaintiff's RFC at the administrative law judge hearing level. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). Moreover, an ALJ's failure to discuss thoroughly the opinion of a consultative examiner does not necessarily warrant reversal. *See Dykes ex rel. Brymer v. Barnhart*, 112 Fed.Appx. 463, 468 (6th Cir. 2004) (holding that it was not reversible error when an ALJ failed to explain why he disregarded part of a consultative examiner's opinion and instead relied on opinions from at least three other treating physicians that supported the ALJ's finding of no disability). Here, the ALJ relied on the opinions of an examining psychologist, examining psychiatrist, and Nurse Dehaven. (Tr. 20). Therefore, the ALJ was not required to explain why the limitations of these doctors were not included in the RFC.

With regard to the limitation – "positions in a static environment" -- the online Mirriam-Webster dictionary defines "static" as "showing little or no change, action or progress" Mirriam-Webster.com, available at http://www.merriam-webster.com (last visited September 26, 2017). As Plaintiff points out, the Social Security Rulings define "occasionally" as "very little up to one-third of the time." SSR 85-15, 1985 WL 56857. The Court finds that the difference between "little" and "very little" in these definitions bolsters the Magistrate Judge's finding that the slight difference between the opinions and

the RFC does not show error.  Moreover, the ALJ's use of the term "occasionally" is in keeping with Drs. Bergsten and Lewin's opinions that Plaintiff was only "moderately limited" in her "ability to respond appropriately to changes in the work setting."  (Tr. 125, Tr. 141).

Therefore, the Magistrate Judge did not err in concluding that the ALJ properly weighed the opinions of the state agency medical consultants.

### C. VE's Testimony

Plaintiff explains that the VE's testimony is erroneous because the VE failed to provide reliable job numbers to support the ALJ's step-five conclusion in assessing Plaintiff's RFC.  (Doc.12 at 16-17; Doc. 9-2 at 73-77; 20 C.F.R. § 404.1520(a)(4)).  The VE indicated that in addition to being able to perform her past relevant work as a dietary aid, Plaintiff would be capable of performing various jobs, including that of a cleaner, janitor, hand packer, or small parts assembler.  (Tr. 63).  Plaintiff contends that the VE's reliance on the SkillTRAN's Job Browser Pro software for job numbers resulted in a step five finding unsupported by substantial evidence.  (Doc. 19, at 4).

As the Magistrate Judge noted, the ALJ's finding at step five was alternative to the finding at step four that Plaintiff could perform her past relevant work.

In addition, the Court notes that as a general matter, other courts have found that an ALJ could rely on a VE's testimony which was based on SkillTRAN's Job Browser Pro software.  *See, e.g.*, *Lewis v. Comm'r of Soc. Sec.*, No. 3:12-CV-01720, 2013 WL 5563764, at *33 (N.D. Ohio Sept. 30, 2013) ("Absent a persuasive argument to the contrary, the Magistrate finds that the ALJ could rely on the VE's job incidence figures derived from Job Brower Pro considering that the jobs were then filtered through his own

5

professional experience, judgment and expertise before endorsing the numbers provided."); *Pitts v. Astrue*, No. 1:10-CV-870, 2011 WL 2553340, at *6 (N.D. Ohio May 19, 2011) (noting that the means by which one determines the number of jobs existing in significant numbers is not an exact science, and the VE testified that the Job Browser Pro program was a valid source of information on which he relied, along with numerous other sources). In this case, as the Magistrate Judge pointed out, Plaintiff takes issue with the number of sedentary jobs testified to by the VE. (See Tr. 72-73). However, as the Magistrate Judge also noted, the RFC did not limit Plaintiff to sedentary positions. Therefore, the Magistrate Judge concluded that the VE's testimony on those numbers has no bearing on the ALJ's determination at step five. The Court finds no error in this conclusion.

## II. **CONCLUSION**

Based on the foregoing, the Court hereby **ADOPTS** the Magistrate Judge's August 8, 2017 R&R. (Doc. 18). Accordingly, the decision of the Commissioner is **AFFIRMED**. This matter shall be **CLOSED and TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

    */s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court